IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-01120-MJW

CAROL PINARD,

Plaintiff,

v.

NANCY BERRYHILL[1], Acting Commissioner of Social Security,

Defendant.

## OPINION AND ORDER

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

The government determined that Plaintiff is not disabled for purposes of the Social Security Act. (AR[2] 25). Plaintiff has asked this Court to review that decision. The Court has jurisdiction under 42 U.S.C. § 405(g), and both parties have agreed to have this case decided by a U.S. Magistrate Judge under 28 U.S.C. § 636(c). (Docket No. 12).

## Standard of Review

In Social Security appeals, the Court reviews the decision of the administrative law judge ("ALJ") to determine whether the factual findings are supported by substantial evidence and whether the correct legal standards were applied. *See Pisciotta v. Astrue,* 500 F.3d 1074, 1075 (10th Cir. 2007).

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 20, 2017. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is automatically substituted for Carolyn W. Colvin as the Defendant in this suit. *See* 42 U.S.C. § 405(g).

[2] All references to "AR" refer to the sequentially numbered Administrative Record filed in this case. (Docket Nos. 10 through 10-8).

1

"Substantial evidence is such evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Raymond v. Astrue*, 621 F.3d 1269, 1271-72 (10th Cir. 2009) (internal quotation marks omitted). The Court "should, indeed must, exercise common sense" and "cannot insist on technical perfection." *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012). The Court cannot reweigh the evidence or its credibility. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

## **Background**

At the second step of the Commissioner's five-step sequence for making determinations,[3] the ALJ found that Plaintiff "has the following severe impairments: major depressive disorder (MDD), post-traumatic stress disorder (PTSD), anxiety, and borderline personality disorder." (AR 16). The ALJ then determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments" in the regulations. (AR 16). Because he concluded that Plaintiff did not have an impairment or combination of impairments that meets the severity of the listed impairments, the ALJ found that Plaintiff has the following residual functional capacity ("RFC"):

---

[3] The Social Security Administration uses a five-step sequential process for reviewing disability claims. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step process requires the ALJ to consider whether a claimant: (1) engaged in substantial gainful activity during the alleged period of disability; (2) had a severe impairment; (3) had a condition which met or equaled the severity of a listed impairment; (4) could return to her past relevant work; and, if not, (5) could perform other work in the national economy. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *Williams v. Bowen*, 844 F.2d 748, 750–51 (10th Cir. 1988.) The claimant has the burden of proof through steps one to four; the Social Security Administration has the burden of proof at step five. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

> . . . [Plaintiff] has the residual functional capacity to perform a full range of work at all exertion levels but with the following nonexertional limitations: [Plaintiff] can perform unskilled work with occasional interaction with co-workers, supervisors, and the public. She should work primarily with objects rather than people.

(AR 17). The ALJ determined that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform . . . ." (AR 24).

Plaintiff asserts four reversible errors: first, that the ALJ's conclusion that Plaintiff's mental impairments did not meet the severity of the listings set forth at 20 C.F.R. Part 404, subpart P, App. 1, § 12.04; second, that the ALJ's determination regarding Plaintiff's credibility was not supported by substantial evidence; third, that the ALJ failed to give the proper weight to Dr. Grovert's opinion; and fourth, that the ALJ erred by concluding that there were jobs in the national economy that Plaintiff could perform. (Docket No. 14 at 2).

## **Analysis**

Plaintiff first argues that the ALJ erred when considering the listings set forth at 20 C.F.R. Part 404, subpart P, App. 1, § 12.04 9 ("Listings"). Specifically, Plaintiff maintains that "Listing 12.04 Paragraph C applies [ ] and any finding by the ALJ other than one that [Plaintiff] meets or equals the Listing 12.04C is not supported by substantial evidence." (Docket No. 14 at 31).

For the relevant period, Listing 12.04 required Plaintiff to either meet the requirements in both paragraphs A and B or to meet the requirements in paragraph C. 20 C.F.R. Pt. 404, App. § 12.04 (effective Feb. 26, 2014 through Dec. 8, 2014). The ALJ first considered paragraph B and then considered paragraph C. (AR 16-17). The ALJ concluded that "[i]n this case, the evidence fails to establish the presence of the 'paragraph C' criteria." (AR 17). Plaintiff

3

argues that the ALJ "made no findings . . . except to state that he had considered it, to summarize its requirements, and to state that there was no evidence that they applied." (Docket No. 18 at 4).

For an ALJ to find that a severe impairment conclusively disables a claimant at Step 3, the impairment must be "equivalent to one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988) (citing 20 C.F.R. §§ 404.1520(d), 416.920(d)). "If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits." *Id.* "For a claimant to show that his impairment matches a listing, it must meet all of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) (emphasis in original).

The ALJ must make his Step 3 determination solely on medical evidence. *See* 20 C.F.R. § 404.1526(b). "[T]he step three analysis requires a comparison of medical evidence regarding symptoms, signs, and laboratory findings with the listed impairment sought to be established or the listed impairment most similar to the claimant's." *Larson v. Chater*, No. 95-2194, 1996 WL 709848, at *1 (10th Cir. Dec.10, 1996). However, "an ALJ's findings at other steps of the sequential process may provide a proper basis for upholding a step three conclusion that a claimant's impairments do not meet or equal any listed impairment." *Fischer-Ross v. Barnhart*, 431 F.3d 729, 733 (10th Cir. 1995).

Listing 12.04C, at the time of the ALJ's decision, required Plaintiff to satisfy the following requirements:

> C. Medically documented history of a chronic affective disorder of at least 2 years' duration that has caused more than a minimal limitation of ability to do basic work activities, with symptoms or signs currently attenuated by medication or psychosocial support, and one of the following:
>
> 1. Repeated episodes of decompensation, each of extended duration; or
>
> 2. A residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to decompensate; or
>
> 3. Current history of 1 or more years' inability to function outside a highly supportive living arrangement, with an indication of continued need for such an arrangement.

20 C.F.R. Pt. 404, App. § 12.04 (effective Feb. 26, 2014 through Dec. 8, 2014). With regard to Listing 12.04, the ALJ explained that "extended duration" "means three episodes within 1 year or an average of once every 4 months, each lasting for at least 2 weeks." (AR 16). When considering Listing 12.04B, immediately preceding the analysis of Listing 12.04C, the ALJ discussed Plaintiff's testimony and the exhibits and concluded that "the claimant has experienced no episodes of decompensation, which have been of extended duration." (AR 17). This conclusion is supported by the record. As noted above, "an ALJ's findings at other steps of the sequential process may provide a proper basis for upholding a step three conclusion that a claimant's impairments do not meet or equal any listed impairment." *Fischer-Ross*, 431 F.3d at 733. Clearly then, the Court can

credit the ALJ's analysis of Listing 12.04B directly preceding his analysis of Listing 12.04C.

With regard to Listings 12.04C2 and 12.04C3, the ALJ's decision is less clear. The ALJ restated the Listings themselves and stated that "[t]here is no evidence" that Plaintiff's symptoms meet the Listings, but he did not provide any further analysis or discussion of the medical records as part of this analysis. (AR 17). The Court has reviewed the entire decision and there is discussion of the various medical records and the weights the ALJ gave the various opinions offered by certain medical providers. However, while the Court does not offer an opinion as to the ALJ's conclusion that "there is no evidence" that Plaintiff's symptoms meet Listing 12.04C, the Court cannot find specific stated support or analysis for the ALJ's conclusion that neither Listing 12.04C2 or 12.04C3 are met.

For that reason, the Court concludes that this case must be remanded to allow the ALJ to clarify his analysis under Listing 12.04C. Because the Court concludes that this case must be remanded to allow the ALJ to clarify this issue and further develop the record if necessary, the Court does not address the remaining arguments raised by Plaintiff.

## **Conclusion**

For the reasons set forth above, the Commissioner's decision is VACATED and REMANDED for clarification of the Administrative Law Judge's analysis and such other proceedings as the Administrative Law Judge deems appropriate.

Dated this 28th day of September, 2017.

BY THE COURT:

*/s/ Michael J. Watanabe*
MICHAEL J. WATANABE
United States Magistrate Judge